**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| SHANNAON MILLER, | Civil No. 0-23-cv-03069-WMW-JFD |
| Plaintiff, | **DEFENDANT'S ANSWER AND** |
| | **AFFIRMATIVE DEFENSES TO** |
| v. | **PLAINTIFF'S COMPLAINT** |
| ALDI, INC. (MINNESOTA), | |
| Defendant. | |

---

Defendant ALDI Inc. (Minnesota) ("ALDI" or "Defendant"), by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## INTRODUCTION

Defendant ALDI, Inc. (Minnesota) disciplined and fired long-time high-performing Store Manager Shannaon Miller after she took a leave of absence to care for her medically fragile twin infant grandchildren to whom she is also a foster parent. She brings suit alleging familial discrimination under the Minnesota Human Rights Act and retaliation and interference with leave under the Family and Medical Leave Act.

## **ANSWER:**

Defendant admits that Plaintiff purports to bring claims against it for familial status discrimination pursuant to the Minnesota Human Rights Act ("MHRA") and retaliation and interference under the Family and Medical Leave Act ("FMLA"). Defendant denies that it violated the MHRA or the FMLA, that it engaged in any wrongdoing, and that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations in this paragraph.

-2-

**The Parties**

**COMPLAINT ¶1:**

Plaintiff is an individual residing in Minnesota.

**ANSWER:**

Upon information and belief, Defendant admits the allegations in this paragraph.

**COMPLAINT ¶2:**

Defendant ALDI Inc. (Minnesota) is a Minnesota corporation, with a registered office address of 1010 Dale Street North, St. Paul, MN 55117-5603.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶3:**

Defendant is an employer within the meaning of the Minnesota Human Rights Act, Minn. Stat. §363A.01 *et seq.* and the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶4:**

Defendant has more than 50 employees working within a 75-mile radius of the store in which Plaintiff worked.

**ANSWER:**

Defendant admits the allegations in this paragraph.

305697436v.3

## JURISDICTION & VENUE

### COMPLAINT ¶5:

This Court has original jurisdiction over Plaintiff's claims arising under the Family and Medical Leave Act, (FMLA), 29 U.S.C. §2601 *et seq.* Jurisdiction over these claims is appropriate under 28 U.S.C. §1331.

### ANSWER:

Defendant admits that this Court has original jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331. Defendant denies the remaining allegations in this paragraph.

### COMPLAINT ¶6:

Plaintiff's remaining claims are so related to those over which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental jurisdiction is therefore appropriate under 28 U.S.C. §1367.

### ANSWER:

Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendant denies the remaining allegations in this paragraph.

### COMPLAINT ¶7:

Venue is proper under 28 U.S.C. § 1391 because the unlawful employment practices described herein have been committed in the District of Minnesota.

### ANSWER:

Defendant admits that venue in this district is proper. Defendant denies that it committed any unlawful employment practices, and that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations in this paragraph.

305697436v.3

## FACTUAL BACKGROUND

### COMPLAINT ¶8:

Plaintiff began working for Defendant in 2012 after she was recruited as a Manager Trainee and was soon promoted to the position of Store Manager.

### ANSWER:

Defendant admits the allegations in this paragraph.

### COMPLAINT ¶9:

Plaintiff had a long history of achieving positive performance evaluations. Her performance appraisal in 2022 rated her as performing in the "Mastery" or "Full" level in every category.

### ANSWER:

Defendant denies the allegations in the first sentence of this paragraph. Defendant admits that Plaintiff received a rating of "Mastery" or "Full" for the categories identified in her April 2022 performance appraisal. Defendant denies the remaining allegations in this paragraph.

### COMPLAINT ¶10:

In 2022, Plaintiff became the primary caretaker of her twin medically fragile biological grandchildren. Plaintiff is the foster parent and physical custodian of the minor children and has been in the process of legally adopting them. The medically fragile infants required repeated hospitalization and ongoing medical care.

### ANSWER:

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

-4-

305697436v.3

## COMPLAINT ¶11:

Plaintiff applied for and Defendant approved a leave of absence under the Family and Medical Leave Act beginning July of 2022 and ending in August of 2022 to care for the medically fragile infants.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶12:

Throughout Plaintiff's FMLA leave, Defendant's managers continued to contact her at home and required her to work, including bundling up the babies and going to the store to unlock the store and requiring her to respond to texts and phone calls while in the hospital with the infants.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶13:

Defendant did not pay her for the work she was doing while she was supposed to be on FMLA leave. Plaintiff repeatedly objected to being required to work while she was on FMLA leave, and repeatedly objected to not being paid for working while she was on FMLA leave.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶14:

While Plaintiff was on leave, several employees quit and Defendant did not adequately staff the store. As a result, the store's performance went down.

## ANSWER:

Defendant denies the allegations in this paragraph.

305697436v.3

## COMPLAINT ¶15:

Upon Plaintiff's return to work, Defendant's managers began retaliating against Plaintiff for taking leave and discriminating against her because of her familial responsibilities.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶16:

Defendant gave her a performance appraisal that included the poor performance of her store while she was on medical leave. Her score was a lower rating than her previous performance appraisal ratings, rating her as "Full" or "Developing" in each category.

## ANSWER:

Defendant denies the allegations in the first sentence of this paragraph. Defendant admits that Plaintiff received a rating of "Full" or "Developing" for the categories identified in her February 2023 performance appraisal. Defendant denies the remaining allegations in this paragraph.

## COMPLAINT ¶17:

The written appraisal initially given to Plaintiff expressly referenced her FMLA leave. When Plaintiff later requested her personnel file, the copy that was contained in the file omitted the reference to her FMLA leave.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶18:

After Plaintiff returned from FMLA leave, her managers began making frequent comments about her family responsibilities, suggesting she should stay home and take care of the children, rather than continuing to work.

-6-

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶19:**

Defendant's managers issued several written disciplinary writeups to be placed in Plaintiff's personnel file, with the intent of creating a paper trail justifying termination. They made several false allegations, such as: falsely accusing Plaintiff of not paying for merchandise; disciplining Plaintiff for not drug testing an employee when she was following the store drug testing policy as she had been trained; accusing Plaintiff of "disappearing" from her shift when she had traveled to another store for a business purpose as directed by her supervisor.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶20:**

Despite the store's diminished performance while Plaintiff was on FMLA leave in 2022, by August of 2023, under Plaintiffs management, the objective performance metrics improved.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶21:**

On August 8, 2023, Plaintiff applied for intermittent leave under the FMLA to permit her to take leave intermittently to attend to the medical care of the children.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶22:**

On August 10, 2023, Defendant terminated Plaintiff's employment.

**ANSWER:**

Defendant denies the allegations in this paragraph.

305697436v.3

-8-

## COMPLAINT ¶23:

In the termination meeting, Plaintiffs manager told Plaintiff she should take time to decide what she wanted to do professionally, given her personal situation, referring to her childcare responsibilities.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶24:

Upon information and belief, Defendant replaced Plaintiff with a younger male Store Manager who has no children.

## ANSWER:

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COMPLAINT ¶25:

As a result of Defendant's conduct, Plaintiff has suffered loss of pay and benefits.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶26:

As a result of Defendant's conduct, Plaintiff has suffered emotional anguish, including financial stress resulting from termination, as well as anger and frustration over being falsely accused of wrongdoing.

## ANSWER:

Defendant denies the allegations in this paragraph.

305697436v.3

## COUNT ONE

## Family and Medical Leave Act

**COMPLAINT ¶27:**

Plaintiff realleges the allegations contained in each of the preceding paragraphs and includes them in this count has though fully stated herein.

**ANSWER:**

Defendant incorporates by reference its answers to paragraphs 1 through 26 as its answer to this paragraph.

**COMPLAINT ¶28:**

Defendant is a covered employer under the FMLA.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**COMPLAINT ¶29:**

Plaintiff was an employee covered by the FMLA.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as Plaintiff does not define the term "covered," nor does she identify the applicable time period.

**COMPLAINT ¶30:**

Defendant interfered with, restrained, and denied Plaintiff's exercise of rights provided under the FMLA, 29 U.S.C. §2601 *et seq.* and illegally discharged Plaintiff from employment because she had previously taken a leave to care for medically fragile infants and because she had applied for intermittent leave for the purpose of caring for medically fragile infants.

-9-

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶31:**

As a result, Plaintiff suffered loss of wages and benefits.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶32:**

As a result, Plaintiff incurred costs and attorneys' fees.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COUNT TWO**

**Minnesota Human Rights Act**

**COMPLAINT ¶33:**

Plaintiff realleges the allegations contained in each of the preceding paragraphs and includes them in this count has though fully stated herein.

**ANSWER:**

Defendant incorporates by reference its answers to paragraphs 1 through 32 as its answer to this paragraph.

**COMPLAINT ¶34:**

Defendant has violated the Minnesota Human Rights Act, Minn. Stat. §363A.01 *et seq,* by terminating Plaintiff's employment because of her familial status.

**ANSWER:**

Defendant denies the allegations in this paragraph.

305697436v.3

## COMPLAINT ¶35:

As a result of Defendant's violation of the Minnesota Human Rights Act, Plaintiff has suffered, and will continue to suffer, loss of pay and loss of benefits, and emotional anguish.

## ANSWER:

Defendant denies the allegations in this paragraph.

## COMPLAINT ¶36:

As a result of Defendant's retaliation against Plaintiff, Plaintiff has incurred and will continue to incur, attorney fees and costs.

## ANSWER:

Defendant denies the allegations in this paragraph.

### JURY DEMAND

Plaintiff demands a jury on all counts.

## ANSWER:

Defendant admits that Plaintiff requests a trial by jury but denies that any issues cannot be decided as a matter of law.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

-11-

305697436v.3

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on acts that occurred outside any applicable statute of limitations or Plaintiff failed to timely file this action, Plaintiff's claims are time-barred.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing her claims before the Court, such claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory, harassing, or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive or liquidated damages because Defendant made good faith efforts to comply with the FMLA, the MHRA, and all other applicable non-discrimination laws.

305697436v.3

-13-

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff had no greater rights than she would have had if she had not sought FMLA leave, and Defendant would have discharged her, even if she had not sought leave.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

WHEREFORE, Defendant ALDI Inc. (Minnesota) respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant its costs, expenses, and any and all other relief the Court deems just and proper.

305697436v.3

-14-

Dated:  November 30, 2023

Respectfully submitted,

ALDI INC. (MINNESOTA)


By:  */s/ Chelsea J. Bodin*
Katherine Mendez (*pro hac vice* application to be filed)
IL Reg No. 6297183
Jill C. Taylor (*pro hac vice* application to be filed)
IL Reg. No. 6292018
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
kmendez@seyfarth.com
jctaylor@seyfarth.com

Chelsea J. Bodin (Reg. No. 0400006)
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: (612) 305-7500
Facsimile: (612) 305-7501
cbodin@nilanjohnson.com

Attorneys for Defendant

-14-

305697436v.3